Good morning, Your Honors. Good morning. May it please the Court, William Rounds on behalf of Mr. Asif Idrees, and I would like to reserve at least three minutes at the end for rebuttal. This case involves essentially an immigration judge that failed to certify the case to the BIA. The issues that should have been raised were whether the ineffective assistance of counsel that led to the reopening of the case also affected the ability of Mr. Idrees to raise certain issues regarding an asylum recorder and a claim under the Convention Against Torture. Now, the Court does have jurisdiction to review these kinds of cases. It would be a discretionary decision or a discretionary review to be certain, but this Court does have the authority to do so. Counsel, Judge Gould, if I could ask this question. How do we have jurisdiction to review a failure to certify? I'm not aware of any standard in the law for what certifications, when it should be allowed and when it should not. So why is that not committed, the certification part, to agency discretion? It is a regulation which gives the agency the authority and the ability to certify a case to the BIA, and the Court would have the authority to review this case under statutory authority 8 U.S.C. 1252. Now, because it was a regulation. I understand that, but I don't hear you addressing my question. Maybe I didn't phrase it right. What is the standard if we reviewed it? Don't we have to have a standard in mind to say what the error is? Certainly. And if the regulation you cite permits the certification to the Board but states no standard for it as to when it should be done, what is it that we could review? As the regulation states, it is a discretionary, it is within the discretion of the Court to do that, and so the standard which would apply would be an abuse of discretion standard. There are many cases which apply the abuse of discretion standard in those types of situations where the Court. I'm not sure you're understanding the law here, or maybe the question, I'm not sure, but an administrative action is committed to agency discretion where the governing law is drawn so that the Court would have no meaningful standard against which to judge the agency's exercise of discretion. That's under Heckler v. Chaney, and that's a Supreme Court case. So I think that's the question that Judge Gould is asking about, and I'd like to know the answer to that, too. So on what basis would we have jurisdiction if there's no standard which we would judge the agency's exercise of discretion? When the agency exercises its discretion under regulation, that is still under the review of whatever authority Congress has given to the agency under statute. And in this case, whatever discretion that they have under regulation is still subject to the authority of this Court and other reviewing courts that are granted to the agency under statute in order to operate. That's just simply not right. The law is pretty clear on this, that if a matter is delegated to agency discretion and there are no fixed signposts for exercising that discretion, then we don't have jurisdiction, so we don't get to the abuse of discretion issue. I mean, what am I not understanding? I think there's other circumstances which are similar here where the immigration judge or the BIA exercise their discretion. Yeah, there are clearly many instances in the law pertaining to IJs in the Bureau where discretion is exercised and, you know, we get to review it. But I think the whole point we're trying to get you to help us understand is this is just not one of those. This is just not a case where we have jurisdiction, unless I'm missing something. I think that there is several cases cited by opposing counsel regarding this issue. Many of those cases were outside of this circuit. But one of the things that was raised in many of those cases was the authority of the appeals courts to review these kinds of discretionary decisions. Do you know of any case in which the failure to certify has been, you know, reviewed by a court like ours? Yes. There were a few. Ekimian, I believe is how it's pronounced. It's a Ninth Circuit case which was cited. That was dealing with issues similar to this. What do you mean issues similar to this? Was there a failure to certify appealed in that case? I believe that that one was an untimely motion to reopen. Yes, it's different. Is there any case out there that supports your proposition? So moving to other circuits in the Eighth Circuit, the Leadoff v. Mukasey case was a case addressing the failure to certify. And, however, in that case it was under slightly different circumstances than we have here. There they were dealing with failure to certify a case that was based on a missed deadline, an untimely filed appeal. And it was essentially those issues. It was because the untimeliness of the appeal was the central issue in that failure to certify that that court found that it did not have jurisdiction over the certification. I think in this case it is under slightly different circumstances. And so I think that that holding about the failure to certify doesn't necessarily apply in this case because this case is different. Let me just ask you some other questions. Why didn't anyone accuse Mr. Stefanski of ineffective Assistance of Counsel? He's the only one who appealed the IJ's 2004 determination. And he's the only one who raised the adverse credibility issues while failing to raise the MQM, you know, terrorism sort of issue and remaining issues. Certainly I'm not, I was not present in that time. I don't know what the reason was, why that first attorney who had drafted the BIA appeal, why ineffective Assistance of Counsel was not raised against that attorney. It appears that because the second attorney under those circumstances had been more in communication with Mr. Idris. Yeah, but my point I think is he would have been the one more responsible for appealing the BIA's 2005 decision to the Ninth Circuit. So I'm just trying to figure out, I mean, it seems like that affects your case here. He may have had some responsibility in that. But I think that when the motion to reopen was drafted originally in 2006 and filed with the BIA, they really only need one ground upon which to reopen the case. And they may have gone with whatever ground they had the most evidence of or whatever ground that they felt was the strongest at the time. Not that there was nothing else, but that was the strongest and the only one that they necessarily needed. Let's talk about your due process claim specifically. It appears that you and the government have slightly different or nuanced views on this due process claim. Can you clarify for me exactly where this due process claim stems from? Is it purely an IAC claim or is it the IJ's refusal to certify the IAC claim? Where is your due process claim coming from? Right. It stems from the immigration judge in 2013 essentially failing to or refusing to consider the arguments of this renewed claim of asylum based on changed circumstances. That immigration judge looked back to the decision of the BIA and the IJ from before and said I cannot consider this because it has already been decided, plus the BIA has only issued this decision to me for the limited purpose of looking at the adjustment of status application. And so the due process issue would be that this individual, Mr. Idris, had an opportunity or had a legitimate asylum claim, either under asylum withholding or under the Convention Against Torture, and the immigration judge did not consider it, nor did that judge certify the case to the BIA, in order to consider whether that was something that the immigration judge should have looked at because of the ineffective assistance of counsel that affected the waiver of those issues, that affected the ability of Mr. Idris to bring some of those claims and some of those issues forward to the judge again after the circumstances had changed, after there was a new claim. I believe that's where it stems from. But it seems like Mr. Idris already had the opportunity to raise an IAC and he failed to do it correctly against the right attorney. From what I can see, that's what happened here. So I'm just trying to figure out how we can say there was a due process violation here when there was these missteps that occurred in this procedure here. Once the immigration case was reopened, after the motion to reopen, it should have been opened in order to apply for any relief that was available. Although the BIA stated a purpose for reopening was to consider the adjustment of status application, that doesn't necessarily limit the case to only those issues. Once it's reopened, they can address other issues unless the BIA had very strictly and specifically limited it. If they had said that this is reopened exclusively for these issues or solely for these issues, then it could have been limited to just the adjustment of status application. But once it was reopened, it should have been reopened in order to consider any application for relief. In fact, the immigration judge in 2013 was already considering that, had already reset the case in order to file any other form of relief that might be available. So what exactly is the relief you're looking for here? Are you looking to appeal to the initial IJ? What is it that you're seeking to do here? Well, we would seek to remand it to the BIA in order to consider the renewed 589 or the asylum withholding under the Convention Against Torture Claim based on the changed circumstances. And if there are issues there... You mean going all the way back? We would be going all the way back? No, this would be regarding the claim that the attorney made in 2013 with the immigration judge. The attorney came to the hearing and said, Judge, we would like to file a new asylum withholding and under the Convention Against Torture Claim based on changed circumstances. And the immigration judge didn't accept or would not accept an application on that basis. Now if there are issues, and there may be, going all the way back to the original claim, and if those issues are that, look, some of these issues were waived, such as the bar to asylum, such as the credibility of the testimony, then we could look at those issues and see if they were waived or if the ineffective assistance of counsel would be available in order to overcome whatever waiver there may have been. So I guess the answer would be a little bit of both as far as what we are going back to do and look forward to is back to the 2013 asylum claim and maybe even back to some of the claims from before. All right. And so, Your Honors, it looks like my time is running low. I will reserve the rest of my time for rebuttal. Thank you. Good morning, Your Honors. The Court, Alison Igoe, Senior Counsel in the Office of Immigration and Litigation, representing the Attorney General. I'd like to just briefly address the due process claim that you raised, Judge Murguia, because I need to clarify some things. The immigration judge actually did consider the deferral of removal claim that Mr. Idrees made at the time his adjustment application was remanded to her. The problem for Mr. Idrees was that his deferral under the convention was based on his marriage. He claimed that because he was married to a white Christian woman and him being a Pakistani Muslim, he would be tortured in Pakistan when he returned. And what happened was when it was discovered that his marriage was fraudulent and that his wife had withdrawn the I-130 immediate relative petition, the immigration judge looked at his deferral claim and said, well, it was based on the difference in religion and so you don't have a claim. He currently has another motion to reopen pending, or he had a motion to reopen that he filed a separate one that was based on changed country conditions. That was denied and that's actually the subject of a separate currently pending petition for review. It's been fully briefed and it's pending in this Court. So that due process claim was solely on the basis that his first attorney, Gray, was ineffective for not petitioning for review of the underlying case. And I think that you are absolutely correct in when you ask, what is he asking to do? If the question that he asked the Board to certify was whether Mr. Gray was ineffective for failing to file that petition for review, the Board has answered that question twice. They answered it in their initial motion to remand order where they said, we're going to remand it. He was definitely ineffective for failing to file the immediate relative petition, but we find no evidence that he was ever hired to file a petition for review. When the case came back up on appeal, the Board said, we don't find any error in the immigration judge not certifying because attorney Gray wasn't hired for that purpose. We've already answered the question and we're going to answer it again and we find that there's no ineffective assistance of counsel there. So it's unclear what the petitioner is asking for here because even if the Court were to find jurisdiction, and I'll set that aside for just a moment because we have argued and believe there is no jurisdiction to review the denial of a certification. But even if the Court were to say the Board should have certified and considered the issue, it would only go back and the Board would say, well, here is the answer. We've already given you the answer twice. Here it is a third time. So there's no point in even addressing that question. But as far as the jurisdiction, you know, Judge Gould, you raised it first, and I think you're absolutely correct. There is no jurisdiction. And I'd just like to clarify that in Ekmanian, which is the leading case in this circuit, that was a sua sponte. That was a request for the Board to reopen sua sponte. And the Court said that because there is no guidance, there's no guidance in the regulation, that the Court had no jurisdiction to consider it. Both the Second, the Eighth, and the Tenth Circuit have said the same thing pertaining to denials of certification. Because when you look at the regulation that controls certification, there is no guidance. It merely says that the Board can open in exceptional circumstances, and it doesn't define what those exceptional circumstances are. So although it's a case of first impression in this Court concerning the denial of a motion to certify, I would suggest to the Court that the reasoning in Ekmanian really controls the issue here. And I would ask the Court to dismiss, if they're going to consider that to dismiss for lack of jurisdiction. Counsel, Judge Gould, if I could interject a question on that. If I understand you correctly, and this was my understanding before argument, both the Second Circuit and the Eighth Circuit have specifically held there's no jurisdiction to consider the certification issue. That is correct, and the Tenth Circuit as well. The Second Circuit case is Villas-Estrada v. Lynch. The Eighth Circuit case is Liada v. McKaysey. And the Tenth Circuit case is Mahamat v. Gonzalez. So those three circuits have already said that there is no jurisdiction. And our circuit has not ruled? Not in this. Especially on that issue. No, that's correct. We have the analogous issue of failure to sui sponte reopen. That is the case of Ekmanian, which is this Court's leading case on that issue. That's maybe the rationale seems, or at least is arguably persuasive to cover this issue as well. But if there's no precedent in the Ninth Circuit on this issue, should we write an opinion either going with the government's position or the other way on the jurisdiction to consider certification? Well, Your Honor, I would certainly, if you're going to write an opinion, I certainly would like it in the government's favor. But the Court could also decide that it is futile to decide the question because there is no relief that he could get. So the Court could also do that. But I would urge the Court, if you're going to address the jurisdictional question, that, yes, it's an issue of first impression and that a published decision would probably be appropriate. Can I just ask you, Mr. Idris arrived in 1992, I believe? Yes. And there seemed to be large unaccounted for time gaps during the time that he's been here, I mean during the course of the 30 years. For example, your response brief does not account for a three-year gap from 1994 to 1997 and a seven-year gap from 1997 to 2004. It also appears that CIS considered Idris's case for four years. I'm just trying to figure out what's happening here. CIS certainly has a backlog on adjustment applications, and it generally takes a significant period of time. And Mr. Idris also had, I think, seven attorneys. He changed his attorneys very rapidly and often, and so that accounted for a certain amount of the time as well. And then he did not file a timely motion to reopen. His motion was delayed. So all in all, that accounts for all of the time gaps. If the Court has no further questions. Thank you. Thank you very much. I would just like to address one issue that was raised, and that was whether the BIA had already considered the ineffective assistance of Attorney Gray. Now, they did review that in one circumstance, and that is whether his failure to file a petition for review was ineffective assistance. But there was another aspect, another issue that was not addressed of his ineffective assistance, which is whether his failure to advise Mr. Idris about the consequences of either filing or not filing that petition for review. That question hasn't been addressed yet by the BIA. It hasn't been addressed in full by any court, whether that affects his claims. And so that is part of what we would ask whatever court to look at this case to look at. And if there's no further questions, I'll submit. I have one question for you, Counsel. Yes. Do you agree with the lawyer for the government that if we were to hold that there's jurisdiction for us to review the lack of certification, that that would create a split? That would be creating a split that does not currently exist between our circuit and the Second and Eighth Circuits, and maybe the Tenth, but I'm not familiar with that. But it would be creating – would that definitely be creating a split between the Second – I believe that there is a way to reconcile it because I believe that those other cases from the other circuits are dealing with certifications in different contexts. And it seems like each one of them deals with a situation where the original reason why a certification was requested was because a time limit was missed. A brief or an appeal was filed untimely. And I think that this case is not dealing with an untimely appeal or brief. It's dealing with a completely different issue, which is ineffective assistance of counsel and how that affects claims for asylum withholding and under the Convention Against Torture. And so I think that there is a difference between this case and those other cases. Good. Thank you, Counsel. Thank you, Your Honor. Thank you. Thank you. Mr. Rounds, Ms. Igo, thank you very much. We appreciate your oral presentations here today. The case of Asif Idrees v. Jefferson v. Sessions III is submitted.
judges: Parker, Gould, Murguia